UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN IVAN KOCAK,

    Plaintiff,

v.

SHERWIN JIMINEZ,

    Defendant.

Case No. 20-cv-04794-JST

**ORDER OF SERVICE**

Plaintiff, an inmate at Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Correctional Training Facility ("CTF") officer Sherwin Jiminez. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
3  plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .
5  . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
7  proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.
8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10  the alleged violation was committed by a person acting under the color of state law.  *See West v.*
11  *Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint makes the following allegations.

On February 27, 2017, plaintiff filed Grievance No. CTF-S 17-00513 against defendant Jiminez for refusing to process his confidential mail.  Plaintiff's grievance was successful.  In retaliation for the successful grievance, for the following six months, defendant Jiminez harassed and bullied plaintiff by relentlessly banging his keys on plaintiff's cell door or flashing light into plaintiff's cell.  This caused plaintiff to be perpetually stressed and highly anxious.  Plaintiff was unable to sleep and had daily panic attacks, and ultimately sought therapy from a psychiatrist. ECF No. 1 at 3.  Plaintiff also alleges that defendant Jiminez also retaliated by conducting a cell search wherein he destroyed plaintiff's property including his ADA hearing aids.  ECF No. 1 at 3. Plaintiff alleges that defendant Jiminez's actions violated the First, Fourth, and Eighth Amendments.

Plaintiff's claim regarding the cell search and ADA hearing aids is DISMISSED as duplicative because it is currently being litigated in Case No. 18-cv-2065 JST, *Kocak v. Jiminez*. *Cf. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious)

The remaining claims state a cognizable First Amendment retaliation claim.  *Rhodes v.*

1  *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of
2  First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took
3  some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and
4  that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action
5  did not reasonably advance a legitimate correctional goal.") (footnote omitted).

However, the remaining claims do not state cognizable Fourth or Eighth Amendment claims.  There is no allegation regarding an unreasonable search or seizure, and there is no allegation that defendant Jiminez was deliberately indifferent to plaintiff's serious medical need or to plaintiff's safety.  Nor does plaintiff's allegation that defendant Jiminez's actions caused him to seek psychiatric treatment state a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs.  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  There is no allegation that defendant Jiminez was aware that plaintiff had a serious medical need and that defendant Jiminez disregarded that risk by failing to take reasonable steps to abate it.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the complaint states a cognizable First Amendment retaliation claim against defendant CTF officer Sherwin Jiminez.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant Sherwin Jiminez at Correctional Training Facility, Soledad Prison Road, Soledad CA 93960**.  A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

/ / /

/ / /

/ / /

/ / /

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 21, 2020



_____
JON S. TIGAR
United States District Judge